ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ISIDRO BARANDA ALONSO, NATASHA FOURNIER APONTE, SOCIEDAD LEGAL DE BIENES GANANCIALES<br><br>Recurridos<br><br>v.<br><br>IVELISSE ESTRADA RIVERO, SYNERGY LLC, ECOSYSTEMS INC Y OTROS<br><br>Peticionarios | KLCE202400724 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2018CV08277 (807)<br><br>Sobre:  Sentencia Declaratoria, Liquidación de Sociedades Civiles |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de julio de 2024.

El Tribunal de Primera Instancia ("TPI") autorizó que se enmendara una demanda.  Declinamos la invitación a intervenir con la discreción ejercida por el TPI.

Las co-demandadas, Synergy, LLC, y la Sa. Ivelisse Estrada Rivero (las "Peticionarias"), presentaron el recurso que nos ocupa el 1 de julio de 2024 (lunes).  Solicitan que revisemos una orden del TPI notificada el 4 de marzo de 2024 (la "Orden"), mediante la cual se autorizó una enmienda a la demanda de referencia.  El 19 de marzo, las Peticionarias, así como otros co-demandados, solicitaron

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones.  Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202200940).

la reconsideración de la Orden, lo cual fue denegado por el TPI mediante una Resolución notificada el 31 de mayo.

Las Peticionarias exponen que, en noviembre de 2021, la parte demandante solicitó autorización para enmendar la demanda. Resaltan que la demanda se presentó en el 2018 y que, antes y después de la solicitud inicial de enmienda a la demanda, se ha conducido un extenso descubrimiento de prueba. Sostienen que no hubo justificación para la demora de la parte demandante en solicitar enmendar la demanda. Indican que hay pendientes varias mociones de sentencia sumaria y que la demanda enmendada "altera radicalmente el alcance y la naturaleza del caso", lo cual "requerirá[] nuevos mecanismos de descubrimiento de prueba para todas las partes".

Por otro lado, en su solicitud inicial de enmienda a la demanda, presentada en noviembre de 2021, se informó al TPI que las enmiendas respondían a información recientemente obtenida. Primero, a raíz de ciertas alegaciones hechas por los "accionistas mayoritarios de las corporaciones codemandadas" en otra acción civil (SJ2021CV06443), instada un mes antes (en octubre de 2021), y, segundo, a raíz de su análisis de las contestaciones de ciertas instituciones financieras a ciertos requerimientos de la parte demandante, lo cual se completó en junio de 2021.

El recurso de *certiorari* es el vehículo procesal discrecional utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de menor jerarquía. *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Véase, además, Artículo 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari.* Al respecto, dispone, en lo pertinente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que para ello debemos considerar. Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Véase, *IG Builders et al.,* 185 DPR a las págs. 338-339.

En este caso, no está claro que estemos autorizados a expedir el auto solicitado, por efecto de lo dispuesto por la Regla 52.1, *supra*. Resaltamos que no estamos ante una situación en la que esperar a una potencial apelación para plantear el error supuestamente cometido por el TPI causaría un "fracaso irremediable de la justicia".

De todas maneras, aun partiendo de la premisa de que la Regla 52.1, *supra*, no impediría expedir el auto solicitado, en el ejercicio de nuestra discreción, guiada por los factores de la Regla 40, *supra*, denegaríamos la expedición del mismo.

Considerada la totalidad del récord, no podemos concluir que estemos ante una decisión claramente errónea o que haya causado un "fracaso de la justicia", de tal modo esté justificada nuestra intervención. Véase Regla 40(A) y 40(G) de nuestro Reglamento, *supra*. En vez, estamos ante un ejercicio por el TPI de la amplia discreción que tiene para manejar el caso ante sí.

El TPI podía razonablemente concluir que la parte demandante explicó adecuadamente, en noviembre de 2021, por qué solicitaba enmendar la demanda en dicha etapa y, además, que permitir la enmienda solicitada no causaría un perjuicio indebido a los demandados.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto solicitado.

Lo acordó el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones